IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALISA A. SPRAGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 7304 |
| v. ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER[2]

Plaintiff, Alisa Spraggins, first applied for disability benefits in May 2011, claiming that she had become disabled on September 9, 2010 (R. at 180-93). On January 22, 2013, an Administrative Law Judge ("ALJ") denied her application for benefits (R. at 16-35), but on May 20, 2015, a federal court reversed and remanded the ALJ's decision (R. at 813-39). On the government's agreed motion, Ms. Spraggins was awarded $8,000.00 for attorney's fees and $400.00 in costs under the Equal Access to Justice Act ("EAJA") (Case no. 14 C 4035, doc. # 33: 08/17/2015 Order).

On May 6, 2016, after remand, the ALJ again denied Ms. Spraggins' application for benefits (R. at 647-89), and Ms. Spraggins again sought review in federal court. The government opposed plaintiff's motion to remand and, after full briefing, this Court granted plaintiff's motion to reverse and remand the ALJ's decision. *Spraggins v. Berryhill*, No. 16 C 7034, 2017 WL 4169749 (N.D. Ill. Sept. 20, 2017). On December 12, 2017, Ms. Spraggins filed a motion

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), we have substituted Acting Commissioner of Social Security Nancy A. Berryhill as the named defendant.

[2] On September 6, 2016, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to the Court for all proceedings, including entry of final judgment (doc. # 7).

seeking $10,041.59 in attorney's fees pursuant to the EAJA (doc. # 31: Pl.'s Mot. for Fees).[3] For the reasons that follow, we grant plaintiff's motion and award attorney's fees in the amount requested.

I.

Under the EAJA, 28 U.S.C. § 2412(d)(1)(A), (B), district courts may award attorney's fees when (1) the claimant is a "prevailing party;" (2) the government's position was not "substantially justified;" (3) no "special circumstances" make the award unjust; and (4) the fee application is timely and properly supported. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). Here, the government does not dispute that plaintiff is entitled to EAJA fees, but argues that plaintiff's requested amount is "unreasonably high" because: (1) plaintiff already has obtained $8,000.00 in attorney's fees under the EAJA in connection with the first remand, and there is "substantial overlap in the issues" between the two proceedings in federal court; and (2) plaintiff erred in using the hourly rates in the Consumer Price Index for All Urban Consumers ("CPI-U"), a national price index, instead of the more local Chicago Consumer Price Index ("Chicago CPI") (doc. # 34: Def.'s Resp. at 1-3). We reject these challenges.

A.

The prevailing party bears the burden to demonstrate that the hours her attorney worked were reasonable. *Morgan v. Berryhill*, No. 14 C 6513, 2017 WL 1027594, at *4 (N.D. Ill. Mar. 16, 2017). In support of her motion for fees, Ms. Spraggins' counsel provided an itemized statement which showed 50.8 hours of attorney time and 1.45 hours of legal assistant time was expended on her case (Pl.'s Mot. for Fees, Ex. 1).

---

[3]Additionally, Ms. Spraggins requests payment of $97.48 in supplemental attorney's fees accrued in preparing a reply memorandum in response to Defendant's Opposition to Plaintiff's Application for Fees (doc. # 35: Pl.'s Reply Br.).

2

Courts in this district have routinely held that 40 to 60 hours is a reasonable amount of time for attorneys to spend working on a social security appeal. *See, e.g., Cummings v. Berryhill*, 14 C 10180, 2017 WL 926766, at *2 (N.D. Ill. Mar. 8, 2017) (collecting cases finding 40 to 60 hours of work to be reasonable for social security litigation); *see also Morgan*, 2017 WL 1027594, at *4 (determining 40 to 60 hours of attorney time to be reasonable for social security appeal). Here, however, the government contends that the number of hours plaintiff's attorneys spent was unreasonable because "plaintiff made very similar allegations based on the same underlying legal principles" as were present in her first appeal in federal court (Def.'s Resp. at 2). We disagree.

As plaintiff points out, the current record on appeal consists of a whopping 2,133 pages; this was 1,487 pages more for Ms. Spraggins' attorney to review than the 646-page record in the 2014 appeal (doc. # 35: Pl.'s Reply at 1). Of the time plaintiff's attorneys devoted to this case, 9.4 hours were spent reviewing the record -- an amount of time we find reasonable in light of the heft of the record. Moreover, this Court found a host of errors in the second ALJ opinion that plaintiff's attorney properly addressed: "[t]he ALJ's decisions as to the weight to give the opinions of Ms. Spraggins' physicians were often inconsistent, confusing or not adequately supported or explained. . . . The ALJ's assessment of each treater's opinions fell far short of meeting [the necessary] standard." *Spraggins*, 2017 WL 4169749, at *5-6. The hours expended on the 2014 appeal did not render unreasonable the amount of time plaintiff's counsel spent in reviewing a much longer record and in addressing new deficiencies in the ALJ's second opinion. Thus, we find that the 50.8 hours of attorney time and 1.45 hours of legal assistant time spent on this case -- well within the average range of 40 to 60 hours -- was reasonable.

## B.

The government next argues that the Chicago CPI, and not the CPI-U, should be applied when adjusting the attorney hourly rate allowed by the EAJA for increased cost of living (Def.'s Resp. at 2). According to defendant, the adjusted rate using the Chicago CPI was $185.66 per hour, while plaintiff seeks to recover an hourly rate of $194.96, which is the adjusted CPI-U rate (*Id.* at 2-3).

The EAJA "contemplates the award of fees based upon 'prevailing market rates for the kind and quality of the services furnished' up to a presumptive cap of $125 per hour. However, that cap may be exceeded when the court 'determines that an increase in the cost of living [since 1996, when the rate was last set] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Sprinkle v. Colvin*, 777 F.3d 421, 424 (7th Cir. 2015) (quoting 28 U.S.C. § 2412(d)(2)(A)). In *Sprinkle*, the Seventh Circuit held that "[c]ourts should generally award the inflation-adjusted rate according to the CPI," and left it "to the discretion of the district courts whether to adopt the national or regional index in specific cases." *Sprinkle*, 777 F.3d at 428 and n.2.

On several occasions, this Court has applied the CPI-U to determine the appropriate cost of living increase. *See, e.g., Morgan*, 2017 WL 1027594, at *3; *Collins v. Colvin*, No. 12 C 1880, 2013 WL 5493683, at *3 (N.D. Ill. Sept. 30, 2013); *Fox v. Colvin*, 15 C 6416, 2016 WL 5402751, at *3 (N.D. Ill. Sept. 26, 2016). In those cases, like in the instant case, the plaintiff's counsel provided adequate support for their fee calculation in the form of itemized statements of time expended on the case, as well as several affidavits from other attorneys verifying that the quoted hourly rate is a reasonable one for social security work, as it is below the market rate for social security work (*see* Pl.'s Mot. for Fees, Exs. 4-9). As we commented in *Fox*, "plaintiff's

argument that we should use the index that results in an hourly rate that comes closest to approximating the prevailing market rate is not an unreasonable one." *Fox*, 2016 WL 5402751, at *3. Also as in *Fox*, *id.*, the government here has cited no cases in which a court has opted to use the regional instead of the national CPI in calculating the hourly rate.

In short, the government has offered no good reason to use an hourly rate that departs further from the prevailing rate instead of the one that comes closer to it. Accordingly, we find plaintiff's proposed hourly rate to be reasonable.

### C.

Finally, plaintiff requests an award of $97.48 in attorney's fees for 0.5 hours of work required to reply to defendant's fee opposition. We find 0.5 hours to be a reasonable amount of time to draft the reply brief. Therefore, plaintiff shall also be awarded $97.48 in supplemental attorney's fees. *See Fox*, 2016 WL 5402751, at *3 (allowing plaintiff to recover fees incurred in drafting reply to an EAJA objection).

### CONCLUSION

For the foregoing reasons, the Court grants the plaintiff's motion for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412, in the amount of $10,139.07, which accounts for 51.3 hours of attorney time billed at an hourly rate of $194.96, and 1.45 hours of legal assistant time billed at an hourly rate of $95.00.

ENTER:

/s/ Sidney I. Schenkier
**Sidney I. Schenkier**
**United States Magistrate Judge**

**Dated: February 1, 2018**